# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

|  |  |  |
|---|---|---|
| | § | |
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Crim. No. 4:21-cr-300-SDJ-KPJ-11** |
| | § | |
| **CALVIN AUTAE THOMPSON (11)** | § | |
| | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant Calvin Autae Thompson's ("Defendant") Motion to Dismiss the Indictment or, in the Alternative, Motion for Bill of Particulars (the "Motion") (Dkt. 1134), wherein Defendant requests the Court dismiss the Fourth Superseding Indictment (the "Indictment") (Dkt. 740) or, alternatively, order the Government to issue a bill of particulars. *See* Dkt. 1134 at 1. The Government filed a response in opposition (the "Response") (Dkt. 1145). Pursuant to 28 U.S.C. § 636(b) and Local Rule CR-59(d), the Motion (Dkt. 1134) was referred to the undersigned for a Report and Recommendation. *See* Dkt. 1135. For the reasons that follow, the Court recommends that the Motion (Dkt. 1134) be **DENIED**.

## I.    BACKGROUND

On November 9, 2022, the grand jury returned the Indictment (Dkt. 740) in which Defendant is charged in Counts One and Ten. Dkt. 740 at 3–4, 10–12, 19. In Count One, Defendant is charged with conspiracy to possess with intent to manufacture and distribute heroin and methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and 18 U.S.C. § 2. *Id.* at 3–4. In Count Ten, Defendant is charged with conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(i), 1956(a)(3), 1957, and 2. *Id.* at 10–12.

On January 24, 2024, Defendant filed the Motion (Dkt. 1134), requesting that the Court dismiss the Indictment (Dkt. 740) because it is unconstitutionally vague and fails to satisfy Federal Rule of Criminal Procedure 7. Dkt. 1134 at 1. In the alternative, Defendant requests that the Court order the Government to issue a bill of particulars. *Id.* Specifically, Defendant requests information regarding "the times and places at which he is alleged to have combined, conspired, confederated, and agreed with known and unknown co-conspirators to knowingly and intentionally distribute and possess with the intent to distribute heroin and methamphetamine and money laundering." *Id.* at 9–10. On February 7, 2024, the Government filed the Response (Dkt. 1145), arguing that the Indictment (Dkt. 740) meets the requirements of Federal Rule of Criminal Procedure 7(c)(1) and thus, should not be dismissed. Dkt. 1145 at 1. Additionally, the Government contends that the request for a bill of particulars should be denied because the testifying co-conspirators will be identified when it provides the witness list to Defendant, and the conspiracy charges at issue here do not require proof of an overt act. *See id.* at 1–2. However, the Government did not address whether it provided Defendant with the information he requested regarding his participation in the conspiracy.

Accordingly, on May 8, 2024, the Court ordered the Government to file supplemental briefing addressing Defendant's request for information regarding his participation in the conspiracy. Dkt. 1185 at 2. On May 31, 2024, the Government filed its supplemental brief (the "Supplemental Brief") (Dkt. 1226) representing that it "produced substantial discovery to [Defendant] showing his involvement with his co-defendants in the distribution of heroin and methamphetamine and the attendant laundering of the proceeds." Dkt. 1226 at 1. Defendant did not file a reply to the Supplemental Brief (Dkt. 1226).

## II.   LEGAL STANDARDS

### A.   Motion to Dismiss

Rule 12 of the Federal Rules of Criminal Procedure provides: "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CRIM. P. 12(b)(1). This includes a pre-trial motion challenging the indictment for lack of specificity. FED. R. CRIM. P. 12(b)(3)(B)(iii).

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1). "The sufficiency of an indictment is judged by whether (1) each count contains the essential elements of the offense charged, (2) the elements are described with particularity, without any uncertainty or ambiguity, and (3) the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense." *United States v. Lavergne*, 805 F.2d 517, 521 (5th Cir. 1986) (citing *United States v. Gordon*, 780 F.2d 1165, 1171–72 (5th Cir. 1986)). "Thus, while a defendant is 'entitled to a plain concise statement of the essential facts constituting the offense charged, the indictment need not provide him with the evidentiary details by which the government plans to establish his guilt.'" *Id.* (quoting *Gordon*, 780 F.2d at 1172). "[T]he language of the statute may guarantee sufficiency if all required elements are included in the statutory language." *Gordon*, 780 F.2d at 1171 (citations omitted). "Indeed, '[a] defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits.'" *United States v. Churchill*, No. 20-cr-252, 2021 WL 862284, at *2 (E.D. Tex. Mar. 8, 2021) (alteration in original) (quoting *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975)).

**B.    Bill of Particulars**

Federal Rule of Criminal Procedure 7(f) permits a defendant to request a bill of particulars, which provides details of the charges brought against the defendant so the defendant may prepare his defense and avoid surprises at trial. *See* FED. R. CRIM. P. 7(f); *United States v. Churchill*, No. 20-cr-252, 2021 WL 862306, at *1 (E.D. Tex. Mar. 8, 2021). "A defendant possesses no right to a bill of particulars[.]" *United States v. Rodriguez*, No. 18-cr-216, 2020 WL 4689193, at *4 (E.D. Tex. July 27, 2020) (alteration in original) (quoting *United States v. Burgin*, 621 F.2d 1352, 1358 (5th Cir. 1980)), *R. & R. adopted*, 2020 WL 4674141 (E.D. Tex. Aug. 12, 2020). The trial court has discretion to grant a bill of particulars. *Churchill*, 2021 WL 862306, at *1 (citing *Burgin*, 621 F.2d at 1358–59). "A court abuses its discretion in denying a motion for a bill of particulars only when the denial results in actual surprise at trial and prejudice to a defendant's substantial rights." *Id.* (citing *United States v. Hughes*, 817 F.2d 268, 272 (5th Cir. 1987)). A court should only grant a bill of particulars if "the information is necessary for the defendant to prepare for trial." *Rodriguez*, 2020 WL 4689193, at *4 (quoting *United States v. Little*, No. 11-189-01, 2012 WL 566805, at *1 (W.D. La. Feb. 19, 2012)).

## III.    ANALYSIS

**A.    Motion to Dismiss**

Defendant seeks to dismiss the Indictment (Dkt. 740) pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(iii) for lack of specificity. Dkt. 1134 at 4–5. Thus, the central inquiry is whether Counts One and Ten of the Indictment (Dkt. 740) properly and adequately state the elements of the charged offenses. *See Rodriguez*, No. 18-cr-216, 2020 WL 4689193, at *2.

Count One of the Indictment (Dkt. 740) alleges that Defendant engaged in a conspiracy under 21 U.S.C. § 846 and 18 U.S.C. § 2[1] to possess with the intent to manufacture and distribute heroin and methamphetamine in violation of 21 U.S.C. § 841(a)(1). Dkt. 740 at 3–4. The conspiracy provision states that "[a]ny person who . . . conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy." 21 U.S.C. § 846. The offense provision with which Defendant is charged states that "it shall be unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1).

The language of these statutes includes all of the required elements to prove a controlled substance conspiracy. *See Gordon*, 780 F.2d at 1171 ("The language of the statute may guarantee sufficiency if all required elements are included in the statutory language."). "To prove a drug conspiracy, the government must prove that '(1) two or more persons, directly or indirectly, reached an agreement to possess with the intent to [manufacture and] distribute a controlled

---

[1] The aiding and abetting statute, 18 U.S.C. § 2, "states a rule of criminal responsibility," *Nye & Nissen v. United States*, 336 U.S. 613, 620 (1949), and thus, "is not a separate offense, but . . . an alternative charge in every indictment, whether explicit or implicit." *United States v. Sanders*, 952 F.3d 263, 277 (5th Cir. 2020) (quoting *United States v. Neal*, 951 F.2d 30, 633 (5th Cir. 1992)). Accordingly, the Fifth Circuit has consistently held that a jury may be instructed on the elements of aiding and abetting even where the indictment does not specifically mention aiding and abetting. *See, e.g.*, *United States v. Botello*, 991 F.2d 189, 191 (5th Cir. 1993) ("[A]s a general rule, an aiding and abetting instruction may be given to the jury even though the indictment does not specifically mention aiding and abetting, so long as evidence is introduced to support an aiding and abetting conviction." (citations omitted)); *see also United States v. Gordon*, 812 F.2d 965, 969 (5th Cir. 1987) (holding that aiding and abetting instructions was not erroneous because the indictment need not contain the words aid and abet to sustain a conviction so long as evidence is introduced by the government that the defendant acted as an aider and abettor); *United States v. Sorrells*, 145 F.3d 744, 752 (5th Cir. 1998) (same). Further, 18 U.S.C. § 2 is applicable to the entire criminal code, and thus, a defendant can be convicted for aiding and abetting a conspiracy; meaning that "a defendant may be found guilty of the substantive offense even though he did no more than join the conspiracy if the substantive offense was committed in furtherance of the conspiracy and as a part of it." *United States v. Walker*, 621 F.2d 163, 167 (5th Cir. 1980).

Here, the inclusion of 18 U.S.C. § 2 in the Indictment (Dkt. 740) is superfluous because it is not a separate offense that must be charged in an indictment pursuant to Federal Rule of Criminal Procedure 7, but rather is a theory of criminal responsibility which must be supported by evidence at trial should the Government seek to convict Defendant as an aider and abettor. Thus, there is no offense related to 18 U.S.C. § 2 for the Court to evaluate in relation to the sufficiency of the Indictment (Dkt. 740).

substance; (2) [the defendant] knew of the agreement; (3) [the defendant] voluntarily participated in the agreement; and (4) the overall scope of the conspiracy involved [the drug amount in the charged crime].'" *United States v. Bowen*, 818 F.3d 179, 186 (5th Cir. 2016) (first alteration added) (quoting *United States v. Castillo-Chavez*, 555 F. App'x 389, 398–99 (5th Cir. 2014)).

The Indictment (Dkt. 740) tracks the statutory language of, and the elements required to prove, a violation of §§ 841 and 846. Count One of the Indictment (Dkt. 740) alleges:

> That from sometime in or about January 2019, and continuously thereafter up to and including the date of the . . . Indictment, in the Eastern District of Texas and elsewhere, [Defendant and other co-defendants], did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally possess with the intent to manufacture and distribute one (1) kilogram or more of a mixture containing a detectable amount of heroin; 50 grams or more of methamphetamine (actual) or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a violation of 21 U.S.C. § 841(a)(1).

Dkt. 740 at 3–4. Therefore, Count One meets the relatively low standard established by Rule 7(c)(1). *See United States v. Campbell*, 685 F.2d 131, 131 (5th Cir. 1982) (per curiam) ("In order to dismiss an indictment for failure to state an offense, the court must find that the indictment does not contain the elements of the offense intended to be charged." (collecting cases)); *see also Rodriguez*, 2020 WL 4689193, at *3 (denying the defendant's request to dismiss the indictment when it tracked the elements of §§ 841 and 846).

Defendant is also charged in Count Ten of the Indictment (Dkt. 740), which alleges that Defendant engaged in a conspiracy under 18 U.S.C. §§ 1956(h) and 2[2] to commit money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(3), and 1957. Dkt. 740 at 10–12. The conspiracy provision in 18 U.S.C. § 1956(h) states: "Any person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those

---

[2] *See supra* note 1.

prescribed for the offense the commission of which was the object of the conspiracy." The offense provision in 18 U.S.C. § 1956(a)(1)(A)(i) states: "Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity with the intent to promote the carrying on of specified unlawful activity . . . shall be sentenced to a fine . . . or imprisonment . . . ." The offense provision in 18 U.S.C. § 1956(a)(3) states: "Whoever, with the intent to promote the carrying on of specified unlawful activity; to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of specified unlawful activity; or to avoid a transaction reporting requirement under State or Federal law, conducts or attempts to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity, or property used to conduct or facilitate specified unlawful activity, shall be fined . . . or imprisonment . . . ." The offense provision in 18 U.S.C. § 1957 states: "Whoever, . . . knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, shall be punished as provided in subsection (b)."

The language of these statutes includes all of the required elements to prove a money laundering conspiracy. *See Gordon*, 780 F.2d at 1171 ("The language of the statute may guarantee sufficiency if all required elements are included in the statutory language."). "To establish conspiracy to commit money laundering, the government must prove (1) that there was an agreement between two or more persons to commit money laundering and (2) that the defendant joined the agreement knowing its purpose and with the intent to further the illegal purpose." *United States v. Cessa*, 785 F.3d 165, 173 (5th Cir. 2015) (quoting *United States v. Fuchs*, 467 F.3d 889, 906 (5th Cir. 2006)) (internal quotation marks omitted). Because § 1956(h) ties the penalty for its

violation to the penalty for the crime that is the object of the conspiracy, it is necessary to consider the elements of the underlying money laundering statutes. *See United States v. Stanford*, 823 F.3d 814, 849 (5th Cir. 2016). "To sustain a conviction under the money laundering promotion statute [18 U.S.C. § 1956(a)(1)(A)(i)], the Government must show that the defendant: (1) conducted or attempted to conduct a financial transaction, (2) which the defendant then knew involved the proceeds of unlawful activity, (3) with the intent to promote or further unlawful activity." *Stanford*, 823 F.3d at 849 (alteration in original) (quoting *United States v. Brown*, 553 F.3d 768, 782 (5th Cir. 2008)). To establish a violation of 18 U.S.C. § 1956(a)(3), the Government must show that the defendant:

> (1) conducted or attempted to conduct a financial transaction; (2) involving property represented by a law enforcement agent to be the proceeds of specified unlawful activity; (3) with the intent to conceal or disguise the nature, location, source, ownership, or control of the property; and (4) believed the proceeds were the product of a specified unlawful activity.

*United States v. Castaneda-Cantu*, 20 F.3d 1325, 1330 (5th Cir. 1994) (citations omitted). To establish a violation of 18 U.S.C. § 1957(a), the Government must show the following elements: "(1) property valued at more than $10,000 that was derived from a specified unlawful activity, (2) the defendant's engagement in a financial transaction with the property, and (3) the defendant's knowledge that the property was derived from unlawful activity." *Fuchs*, 467 F.3d at 907 (citing *United States v. Rodriguez*, 278 F.3d 486, 490 (5th Cir. 2002)).

Count Ten of the Indictment (Dkt. 740) tracks the statutory language, and the elements required to prove a violation, of §§ 1956(h), 1956(a)(1)(A)(i), 1956(a)(3), and 1957. Count Ten of the Indictment (Dkt. 740) alleges:

> That from sometime in or about May 2020 and continuously thereafter up to and including the date of the . . . Indictment [Defendant and other co-defendants],did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree

together and with each other, and with others known and unknown to the Grand Jury, to commit certain offenses against the United States, to-wit:

1.  knowing that the property involved in a financial transaction(s) represented the proceeds of some form of unlawful activity, conducted or attempted to conduct a financial transaction which in face involved the proceeds of a specified unlawful activity, conspiracy or distribution or possession with the intent to distribute a controlled substance(s) with the intent to promote a carrying on a specified unlawful activity in violation of 18 U.S.C. § 1956(a)(l)(A)(i);

2.  knowing that the property involved in a financial transaction(s) represented the proceeds of some form of unlawful activity, conducted or attempted to conduct a financial transaction which in fact involved the proceeds of a specified unlawful activity, conspiracy or distribution or possession with the intent to distribute a controlled substance(s) with the intent to promote the carrying on a specified unlawful activity in violation of 18 U.S.C. § 1956(a)(l)(A)(i);

3.  promoting the carrying on of a specific unlawful activity; or, to conceal or disguise the nature location, source, ownership, or control of property believe to be the proceeds of specified unlawful activity, conduct or attempt to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity; that is, conspiracy or distribution or possession with the intent to distribute a controlled substance(s), or property used to conduct or facilitate specified unlawful activity in violation of 18 U.S.C. § 1956(a)(3);

4.  involving criminally derived property of a value greater than $10,000 that is derived from a specified unlawful activity; that is, conspiracy or distribution or possession with the intent to distribute a controlled substance(s) in violation of 18 U.S.C. § 1957.

All in violation of 18 U.S.C. §§ 1956(h) and 2.

Dkt. 740 at 10–12. Therefore, Count Ten meets the relatively low standard established by Rule 7(c)(1). *See Campbell*, 685 F.2d at 131 ("In order to dismiss an indictment for failure to state an offense, the court must find that the indictment does not contain the elements of the offense intended to be charged." (collecting cases)); *see also United States v. Thomley*, No. 18-cr-18, 2018 WL 6492955, at *6–7 (S.D. Miss. Dec. 10, 2018) (denying the defendant's request to dismiss the indictment when it described the elements and tracked the language of § 1956(h) and the underlying substantive offenses, including §§ 1956(a)(1)(A)(i) and 1957).

Nevertheless, Defendant argues that "[t]he charges fail to provide [him] with notice of the particular manner and means by which this 'conspiracy' was supposed to operate, of any specific acts supposedly taken in furtherance of the conspiracy, or of the respective roles of the alleged co-conspirators." Dkt. 1134 at 5. However, both controlled substance conspiracies and money laundering conspiracies do not require the Government to prove an overt act in furtherance of the conspiracy. *See, e.g.*, *United States v. Shabani*, 513 U.S. 10, 17 (1994) ("[A]n overt act is not required to establish a violation of 21 U.S.C. § 846."); *United States v. Johnson*, 825 F. App'x 156, 172 (5th Cir. 2020) ("[A]n indictment need not allege any overt act to sufficiently state a Section 846 conspiracy."); *Whitfield v. United States*, 543 U.S. 209, 219 (2005) ("[A] conviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), does not require proof of an overt act in furtherance of the conspiracy."); *United States v. Gibson*, 875 F.3d 179, 190 (5th Cir. 2017) ("[T]he [defendants'] arguments mistakenly seek proof of an overt act in furtherance of the conspiracy. But a conspiracy to commit money laundering promotion requires no such act."). Nor is the Government required to include information regarding the "manner and means" or the "respective roles of the alleged co-conspirators" in the Indictment (Dkt. 740). Such information seeks "evidentiary details by which the [G]overnment plans to establish [Defendant's] guilt," to which Defendant is not entitled. *See Rodriguez*, 2020 WL 4689193, at *2; *United States v. Mathis*, No. 19-cr-265, 2020 WL 7409089, at *2 (E.D. Tex. Nov. 3, 2020), *R. & R. adopted*, 2020 WL 7396541 (E.D. Tex. Dec. 17, 2020). Thus, Defendant's first argument fails.

Defendant further argues that the language of the controlled substances conspiracy and the money laundering conspiracy statutes do not "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." Dkt. 1134 at 5–6. Defendant's argument here relies on the Supreme Court precedent

set forth in *Russell v. United States*, 369 U.S. 749 (1962). In *Russell*, the Supreme Court held that

an indictment under 2 U.S.C. § 192, which proscribes the refusal to answer questions pertinent to

the question under inquiry before a congressional committee, must state the question under inquiry

because "[w]here guilt depends so crucially upon such a specific identification of fact, . . . an

indictment must do more than simply repeat the language of the criminal statute." 369 U.S. at 764.

However, the holding in *Russell* is "limited to particular statutory schemes in which the 'very core

of criminality' proscribed cannot be ascertained without greater specificity." *United States v.*

*Franklin*, No. 04-128, 2006 WL 8436050, at *13 (D.D.C. Nov. 7, 2006) (citation omitted). Indeed,

the Supreme Court has clarified that where the purported deficiency in an indictment is not a

question of fact—like identifying the "question under inquiry" in *Russell*—but a question of law—

such as the definition of obscenity—the language of the statute is sufficient. *Compare Russell*,

369 U.S. at 764 ("[T]he very core of criminality under 2 U.S.C. § 192 . . . is pertinency to the

subject under inquiry of the questions which the defendant refused to answer. What the subject

actually was, therefore, is central to every prosecution under the statute."); *with Hamling v. United*

*States*, 418 U.S. 87, 117–18 (1974) ("The definition of obscenity, however, is not a question of

fact, but one of law; the word 'obscene,' as used in 18 U.S.C. § 1461, is not merely a generic or

descriptive term, but a legal term of art. The legal definition of obscenity does not change with

each indictment; it is a term sufficiently definite in legal meaning to give a defendant notice of the

charge against him." (citations omitted)); *see also United States v. Resendiz-Ponce*, 549 U.S. 102,

109–10 (2007) (holding "there was no infirmity in the present indictment" because the statute at

issue did not "depen[d] so crucially upon such a specific identification of fact" (alteration in

original)).

11

Here, the Indictment (Dkt. 740), tracking the language of the statutes at issue, is sufficient because it sets forth all the elements necessary to constitute the offenses of a controlled substance conspiracy and money laundering conspiracy. *See* Dkt. 740 at 4–5, 10–12. Further, the Indictment (Dkt. 740) includes specific facts where necessary, such as identifying the controlled substances at issue in the drug conspiracy and the unlawful activity at issue in the money laundering conspiracy and providing the relevant time period of each conspiracy. *See id.* Defendant's argument seeks further details about his alleged participation in the conspiracy. However, the detailed pleadings sought by Defendant "are not contemplated by Rule 7(c)(1), which provides that an indictment 'shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" *See Resendiz-Ponce*, 549 U.S. at 110. Thus, Defendant's second argument fails.

Because the Indictment (Dkt. 740) adequately informs Defendant of the charges against him and is sufficiently specific to allow him to prepare a defense and protect himself against double jeopardy, the Court recommends that Defendant's request to dismiss the Indictment (Dkt. 740) be denied.

## B.    Bill of Particulars

Defendant requests, in the alternative, a bill of particulars detailing (1) "the names of unindicted co[-]conspirators whom the [G]overnment plans to use as witnesses" and (2) "all overt acts not already identified in the Indictment," and, more specifically "the times and places at which he is alleged to have combined, conspired, confederated, and agreed with known and unknown co-conspirators." Dkt. 1134 at 9–10.

### 1.    Names of Unindicted Co-Conspirators

While "a bill of particulars is a proper procedure for discovering names of co[-]conspirators the Government plans to call as witnesses at trial," a bill of particulars "will not be granted when it is being used only to obtain a list of the government's witnesses." *Rodriguez*, 2020 WL 4689193, *6 (first quoting *United States v. Addison*, No. 14-168, 2015 WL 1245556, at *5 (E.D. La. Mar. 18, 2015); and then quoting *United States v. Holy Land Found. for Relief & Dev.*, No. 04-cr-240, 2007 WL 328833, at *3 (N.D. Tex. Feb. 1, 2007)). "[D]efendant[ is] obliged to show that [he] will be prejudiced if [he does] not receive the information sought[.]" *Id.* (alterations in original) (quoting *Holy Land*, 2007 WL 328833, at *3). Pursuant to the Amended Pre-Trial Order (Dkt. 1217), the Government is required to provide a list of witnesses it intends to call at trial by December 2, 2024. *See* Dkt. 1217 at 2. The provision of a witness list before trial obviates the need for a bill of particulars regarding the identity of testifying co-conspirators. *See Rodriguez*, 2020 WL 4689193, at *6 (first citing *Hughes*, 817 F.2d at 272; then citing *United States v. Hagen*, No. 19-cr-146, 2020 WL 1929848, at *13 (N.D. Tex. Apr. 21, 2020)). Defendant has not articulated how he will be prejudiced if he does not receive the names before December 2, 2024. Therefore, the Court denies Defendant's request for the names of unindicted co-conspirators.

### 2.    Overt Acts by Defendant

A bill of particulars cannot be used in lieu of discovery or "to obtain a detailed disclosure of the government's evidence prior to trial." *United States v. Castro-Flores*, No. 12-cr-614, 2013 WL 6858523, at *2 (S.D. Tex. Dec. 30, 2013). Further, "[a] bill of particulars is not required if a defendant is otherwise provided, *inter alia*, with sufficient information to enable him to prepare his defense and avoid surprise." *United States v. Moody*, 923 F.2d 341, 351 (5th Cir. 1991) (citations omitted). Hence, "where the government has provided the necessary information in

13

another satisfactory form, such as through discovery, a bill of particulars is unnecessary." *Castro-Flores*, 2013 WL 6858523, at *2 (citing *United States v. Kirkham*, 129 F. App'x 61, 72 (5th Cir. 2005)). Furthermore, "[i]t is well established that in 'an indictment for conspiring to commit an offense—in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all elements essential to the commission of the offense which is the object of the conspiracy.'" *United States v. Lawrence*, 727 F.3d 386, 397 (5th Cir. 2013) (quoting *United States v. Graves*, 669 F.2d 964, 968 (5th Cir. 1982)) "Because 'the criteria for the sufficiency of an indictment and for whether a district court erred (abused its discretion) in denying a bill of particulars are very similar,' a bill of particulars (or information otherwise provided to the defendant) likewise requires less 'technical precision.'" *Addison*, 2015 WL 1245556, at *4 (internal citation omitted) (quoting *Moody*, 923 F.2d at 351).

As discussed above, the Indictment (Dkt. 740) contains sufficient information to put Defendant on notice of the criminal charges against him and avoid surprises at trial. *See supra* Section III.A. Contrary to Defendant's contention, neither of the conspiracies of which he is charged require proof that Defendant participated in an overt act. *See Shabani*, 513 U.S. at 17 ("[A]n overt act is not required to establish a violation of 21 U.S.C. § 846."); *Whitfield*, 543 U.S. at 219 ("[A] conviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), does not require proof of an overt act in furtherance of the conspiracy."). Further, Defendant is charged only with conspiracy, which "reduces the level of factual detail to which he is entitled with respect to the offenses which were the objects of the conspiracy." *See Addison*, 2015 WL 1245556, at *4. In the Motion (Dkt. 1134), Defendant specifically requests further information regarding "the times and places at which he is alleged to have combined, conspired, confederated, and agreed with known and unknown co-conspirators." Dkt. 1134 at 9–10.

14

Consistent with Defendant's request here, an essential element of the controlled substance conspiracy is participation and of the money laundering conspiracy is "joining." *See Bowen*, 818 F.3d at 186 (identifying the elements of a drug conspiracy); *United States v. Cessa*, 861 F.3d 121, 130 (5th Cir. 2017) (citing *Cessa*, 785 F.3d at 175) (holding the government must prove that the defendant knowingly joined the money laundering conspiracy).

In the Supplemental Brief (Dkt. 1226), the Government represents that it provided Thompson with "substantial discovery . . . showing his involvement with co-defendants in the distribution of heroin and methamphetamine and the attendant laundering of the proceeds." Dkt. 1226 at 1. In particular, the Government's discovery includes information such as the drugs which Defendant allegedly sold; the location from which Defendant allegedly sold the drugs; the number of times a particular cooperating defendant was purported to have purchased heroin from Defendant; Defendant's interactions with other specified co-defendants; and summaries from Defendant's Cash App showing transfers of money with descriptions purportedly describing the quantity of drugs associated with the transfer. *See id.* at 2–3. This additional information clarifies and narrows the nature of the conspiracy charge, identifying Defendant's participation in the controlled substance conspiracy and his joining the money laundering conspiracy. *See Addison*, 2015 WL 1245556, at *5 (finding the defendant was not entitled to a bill of particulars when the government provided information regarding "(1) the duration of [the defendant's] alleged involvement in the conspiracy; (2) the drugs which [the defendant] allegedly received, and from whom; (3) the location of some conduct; and (4) [the defendant's] specific activities and interactions with respect to certain specified co-defendants."). Accordingly, the Court concludes the Indictment (Dkt. 740), in conjunction with the discovery produced to Defendant, provide sufficient information to Defendant to enable him to prepare his defense and avoid surprise at trial.

*See, e.g.*, *United States v. Vasquez*, 867 F.2d 872, 874 (5th Cir. 1989) ("It is well established that if the government has provided the information called for in some other satisfactory form, then no bill of particulars is required." (citing *United States v. Sullivan*, 421 F.2d 676, 677 (5th Cir. 1970)). Therefore, the Court recommends that Defendant's request for a bill of particulars be denied.

**IV. RECOMMENDATION**

For the foregoing reasons, the Court recommends that the Motion (Dkt. 1134) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party filing objections is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 13th day of June, 2024.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE