# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 4:21-CR-00300-SDJ-BD |
| | § | |
| CALVIN AUTAE THOMPSON (11) | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Calvin Autae Thompson moved to reopen his detention hearing and requests release on conditions. Dkt. 1708. The government filed a response in opposition. Dkt. 1712 (sealed). The motion will be denied.

## BACKGROUND

Thompson was indicted for alleged conspiracy to possess with intent to manufacture and distribute heroin and methamphetamine, conspiracy to commit money laundering, and aiding and abetting. Dkt. 812 (redacted fourth superseding indictment). He was arrested in July 2023, and the court held a detention hearing the next month. Docket Entry for July 27, 2023; Dkt. 981. At the hearing, the government and Thompson called one witness each, and no exhibits were introduced. Dkt. 981. The court ordered Thompson detained pending trial. Dkt. 988. He now seeks to reopen the question of his pretrial detention. Dkt. 1708.

## LAW

The court may reopen a detention hearing if it "finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing" on "whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

If the movant's evidence is not newly discovered, was not previously unavailable, or is not material, the court should deny the motion to reopen the question of detention. *See United States v. Stanford*, 341 F. App'x 979, 984 (5th Cir. 2009) ("*Stanford I*"); *United States v. Hare*, 873 F.2d

796, 799 (5th Cir. 1989). "Courts interpreting . . . § 3142(f) require 'truly changed circumstances, something unexpected, or a significant event,' and [they] have interpreted the requirements of this provision strictly," such that a "defendant cannot re-open detention to present evidence that he could have investigated before the detention hearing." *United States v. Jacob*, No. 21-31, 2023 WL 2867324, at *5 (E.D. La. Apr. 10, 2023) (citations omitted). Section "3142(f)'s 'not known to the movant at the time of the hearing' language [means] not just actual knowledge, but also constructive knowledge, i.e., knowledge that one using reasonable care or diligence should have." *United States v. Munguia*, No. 3:19-cr-191-B (03), 2020 WL 1471741, at *3 (N.D. Tex. Mar. 26, 2020) (quotation marks omitted). The existence of friends or family members willing to testify in support of a defendant's release does not constitute new information within the meaning of the statute, *see, e.g.*, *United States v. Stanford*, 367 F. App'x 507, 510–11 (5th Cir. 2010) ("*Stanford II*"); *Stanford I*, 341 F. App'x at 984; *United States v. Bennett*, No. 94–6590, 1995 WL 25412, at *1 (6th Cir. 1995); *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991); *Hare*, 873 F.2d at 799, and a party cannot be "less than diligent in bringing forth all material evidence the first time a [detention] hearing is held," *United States v. Flores*, 856 F. Supp. 1400, 1406 (E.D. Cal. 1994).

As to whether evidence has "material bearing," 18 U.S.C. § 3142(f)(2), the new evidence "must relate in some significant or essential way to the decision whether to detain." *United States v. Worrell*, No. 1:21-cr-00292-RCL, 2021 WL 2366934, at *9 (D.D.C. June 9, 2021) (emphasis removed) (citing *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003)). "[T]he purpose of [18 U.S.C. § 3142(f)(2)] . . . is to allow parties to present unknown information that increases the chances the defendant appears for [his or her] criminal hearing[] or decrease[s] the danger the defendant poses to an individual or the community as a whole." *United States v. Martin*, No. 13-00466 JSW (KAW), 2015 WL 1738362, at *2 (N.D. Cal. Apr. 13, 2015).

## DISCUSSION

In his motion to reopen detention, Thompson argues that the "record that has emerged" since his first detention hearing is "fundamentally different." Dkt. 1708 at 1. In support of that assertion,

he points out that the government's evidence against him includes four reports that contain hearsay statements by cooperating defendants and are unsupported by other documentary evidence connecting him to "hand-to-hand sale of heroin or methamphetamine." *Id.* He also argues that the government relies on unauthenticated records of CashApp transactions for amounts "inconsistent with kilogram-level trafficking." *Id.* at 1–2. The motion also asserts that "[d]efense investigation" (which the court takes to mean an investigation conducted by Thompson's counsel) "completed after the detention order" confirms that Thompson is a lifelong Dallas resident who has lived at the same address for nine years, has three children, and has a job waiting for him upon his release. *Id.* at 2. The motion identifies Thompson's wife as a potential third-party custodian. *Id.*

The government argues in response that Thompson's evidence is neither new nor material. Dkt. 1712 (sealed). It cites the pretrial-services report, Dkt. 980 (sealed), relied on in the court's detention order, Dkt. 988, which includes details about Thompson's residence, employment, marriage, and family. The government also argues that it has evidence linking Thompson's phone number to the CashApp account and to texts with a codefendant.

Thompson's motion does not identify newly discovered, material evidence that would support reopening the question of pretrial detention. Thompson's community ties, including his long-term residence in Dallas, his relationship to his wife and children, and his employment cannot fairly be described as newly discovered. In fact, all of that information was presented at the initial detention hearing. *See* Dkt. 988 at 4–5. And although Thompson's wife did not testify as a potential third-party custodian, Thompson's grandmother testified that, if released, Thompson would live with his wife. *Id.* at 5.

As for Thompson's challenges to the statements of cooperating defendants and the CashApp records, the government's witness at the first detention hearing testified to his knowledge of statements from several codefendants and of the CashApp transactions. Dkt. 988 at 3–4. The new evidence Thompson identifies appears to be the government's production of evidence supporting that witness's testimony. Thompson argues that the new evidence is unreliable because the

3

statements contain hearsay and the CashApp records are unauthenticated. But the "rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at" a detention hearing. 18 U.S.C. § 3142(f). The court previously considered testimony about the codefendants' statements and CashApp transactions and concluded that they supported the government's motion for detention. Dkt. 988. Thompson's admissibility challenges now that the evidence supporting that testimony has been produced to him do not make the evidence either new or material to the detention determination, so his request to reopen detention fails. *See* 18 U.S.C. § 3142(f)(2).

## CONCLUSION

It is **ORDERED** that Thompson's motion to reopen his detention hearing, Dkt. 1708, is **DENIED**.

So **ORDERED** and **SIGNED** this 31st day of July, 2025.

_____
Bill Davis
United States Magistrate Judge